IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY LAMONT BROWN,

        Plaintiff,                      No. CIV S-07-1949 FCD GGH P

    vs.

D.K. SISTO, et al.,

        Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's May 14, 2009, motion for a temporary restraining order. For the following reasons, the court recommends that this motion be denied.

<u>Legal Standard for Injunctive Relief</u>

        The purpose in issuing a temporary restraining order is to preserve the <u>status quo</u> pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders which are not <u>ex parte</u> and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See <u>New Motor Vehicle Bd. v. Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch.</u>

1

Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

The legal principles applicable to a request for preliminary injunctive relief are well established.  "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)."  Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as alternative tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'"  Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

Discussion

This action is proceeding on the second amended complaint filed January 15, 2009.  Plaintiff alleges that he received inadequate medical care for a knee injury.  Plaintiff alleges that he was denied knee braces and surgery.

In the pending motion, plaintiff alleges that defendants have retaliated against him and violated his Eighth Amendment rights. Plaintiff alleges that he filed a grievance requesting an extra mattress due to a back injury. Plaintiff suggests that the denial of this grievance was done in retaliation for pursuing this action and violated the Eighth Amendment. Plaintiff also alleges that on November 26, 2008,[1] he received a total left knee replacement. Plaintiff alleges that following the surgery, he received his pain medication with no problem up until April 10, 2009. On that date, plaintiff alleges that Correctional Officer August denied him his pain medication. Plaintiff alleges that he was denied the pain medication until he filed an administrative grievance and his family contacted the Director of the California Department of Corrections and Rehabilitation.

At the outset, the court finds that to the extent plaintiff requests an extra mattress, he is seeking injunctive relief regarding matters unrelated to the claims raised in the complaint. It is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220, 65 S.Ct. 1130 (1945). A court should not issue an injunction when the relief sought is not of the same character, and the injunction deals with a matter lying wholly outside the issues in the underlying action. Id. Accordingly, plaintiff's request for an extra mattress should be denied.

Plaintiff's claim regarding pain medication is related to the claims raised in the complaint. However, there is no claim by plaintiff that he is presently being denied pain medication. Therefore, plaintiff has not demonstrated the possibility of irreparable injury if the court does not order defendants to provide him with pain medication.

Plaintiff's claim that his grievance regarding the extra mattress was improperly processed in retaliation for his proceeding with the instant action is conclusory. Plaintiff has presented no fact demonstrating that defendants were motivated to retaliate against him based on

---

[1] In the pending motion, plaintiff states the he received the surgery on November 26, 2009. The court assumes that plaintiff meant to write "November 26, 2008."

the instant action when they denied his grievances.  Because the claim of retaliation is unsupported, the court finds that plaintiff has not demonstrated the likelihood of irreparable injury if the court does not order defendants to not retaliate against plaintiff.  See Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir.1990) (mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.")

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's May 14, 2009, motion for a temporary restraining order (no. 43) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   May 28, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

br1949.tro